# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3476

———————————————

Residential Funding Company, LLC

*Plaintiff - Appellant*

v.

Bell State Bank & Trust, doing business as Bell Mortgage; Gary Kirt

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: October 20, 2015
Filed: March 10, 2016
[Unpublished]

——————————

Before WOLLMAN, BEAM, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Residential Funding Company (RFC) appeals the district court's[1] dismissal of its fraud complaint against Bell State Bank & Trust and an employee, Gary Kirt. The

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

fraud allegations arose out of a transaction involving Bell State Bank & Trust and Bell American Mortgage, and further involved RFC's purchase, several years ago, of home mortgage loans from the original lender, Bell American Mortgage. RFC sued Bell State Bank & Trust and Kirt in federal district court, alleging violations of the Minnesota Uniform Fraudulent Transfer Act (MUFTA). The district court held that because fraudulent intent was required to establish a claim under MUFTA, RFC was required to comply with Federal Rule of Civil Procedure 9(b)'s requirements of pleading fraud with particularity, and it did not do so. The district court found that "RFC fail[ed] to allege any detailed facts that plausibly establish [fraud]." Further, the district court ruled that RFC failed to allege in its complaint that any of the recognized "badges of fraud" were present in this case. With regard to constructive fraud, the district court held that RFC likewise failed to plead its claim with particularity under Rule 9(b). In the alternative, the district court also found RFC's fraud allegations lacking under Federal Rule of Civil Procedure Rule 8(a), the "short and plain statement" rule. Finally, because all of the remaining claims were dependent upon the success of the fraud claims, the district court dismissed RFC's complaint. Having reviewed the record, pertinent portions of which are sealed pursuant to an ongoing protective order, we affirm based upon the well-reasoned opinion of the district court. See 8th Cir. R. 47B.

_____